IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

TWINS CONTRACTORS,

    Plaintiff,

v.

CONTRACTORS BONDING AND INSURANCE COMPANY,
An Illinois Insurance Company admitted to sell insurance in the
State of New Mexico,

    Defendant.

**CONTRACTORS BONDING AND INSURANCE COMPANY'S
NOTICE OF REMOVAL OF THE FOURTH PARTY COMPLAINT ONLY**

Defendant, Contractors Bonding and Insurance Company, ("CBIC" or "Defendant"), by and through its undersigned counsel, and pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, hereby gives notice of the removal of the Fourth Party Complaint *only* from the Thirteenth Judicial District, County of Cibola, State of New Mexico, Case No. D-1333-CV-2016-00030, to the United States District Court for the District of New Mexico, and states as follows:

### I. INTRODUCTION

1. On or around February 15, 2016, homeowners Dwayne and Michelle Hatten (the "Hattens") filed a complaint ("Original Complaint") against Air Pros Heating & Cooling, LLC ("Air Pros") and other defendants seeking damages for faulty or negligent construction of their home located in Cibola County addressed as 3 Garcia Blvd., Grants, New Mexico ("Hatten Residence"), which the Hattens purchased for $291,000.

2. On or around April 18, 2017, Air Pros filed a third-party complaint against Twins Contractors ("Plaintiff" or "TC") seeking, in part, complete indemnity from TC for the damages being sought by the Hattens in the Original Complaint.

3. On July 3, 2017, TC commenced this action against CBIC by filing a Fourth-Party Complaint for Declaratory Judgment ("Declaratory Judgment Complaint") in the Thirteenth Judicial District, County of Cibola, State of New Mexico, Case No. D-1333-CV-2016-00030 against CBIC. *See* Plaintiff's Declaratory Judgment Complaint along with other documents served upon CBIC, attached hereto as **Exhibit A**.

4. According to the Declaratory Judgment Complaint, CBIC issued a general liability insurance policy to TC which provides coverage and defense to TC for any claims brought by Air Pros. The Declaratory Judgment Complaint alleges that TC tendered the defense to CBIC when Air Pros filed a third-party complaint against TC but CBIC refused to defend TC against the claims asserted by Air Pros. TC alleges that CBIC owes TC a defense and requests a ruling that CBIC breached its duty to defend. *Id.*, ¶¶ 1-6.

5. CBIC initially denied a defense to TC in the third-party suit, but is currently defending TC under a Reservation of Rights.

6. TC asserts a single claim against CBIC – declaratory judgment relief – as to CBIC's duty to defend and indemnify TC against the claims presented by Air Pros. *See* Declaratory Judgment Complaint at page 5.

## II.     DIVERSITY JURISDICTION

7. In its Declaratory Judgment Complaint, Plaintiff asserts a single claim over which this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because: (a) the parties are citizens of different states; and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

8. To confer subject matter jurisdiction on this Court based on diversity of citizenship, the amount in controversy must exceed the sum or value of $75,000.00, exclusive of interest and

costs. *See* 28 U.S.C. § 1332 (a). Where a complaint does not contain dispositive allegations of the amount in controversy, the jurisdictional amount is determined by the allegations in the underlying complaint. *See, e.g., Laughlin v. Kmart Corp.*, 50 P.3d. 871, 873 (10th Cir. 1995). Calculations of the amount in controversy include both compensatory and punitive damages. *See, e.g., Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943); *Watson v. Blankenship*, 20 F.3d 383, 386 (10th Cir.1994).

        A.     **Complete Diversity of Citizenship Exists.**

        9.     Jose P. Rangel dba Twins Contractors is a resident and citizen of Albuquerque, Bernalillo County, New Mexico. Accordingly, Jose P. Rangel dba Twins Contractors is a citizen of New Mexico for purposes of determining diversity jurisdiction.

        10.     CBIC is a corporation organized under the laws of Illinois, with its principal place of business in Peoria, Peoria County, Illinois. Accordingly, CBIC is a citizen of Illinois for purposes of determining diversity jurisdiction. *See* 28 U.S.C. § 1322(c)(1).

        11.     For purposes of federal diversity jurisdiction, the parties are completely diverse because Plaintiff, Jose P. Rangel dba Twins Contractors, is a citizen of New Mexico and Defendant, CBIC, is a citizen of Illinois.

        B.     **The Amount in Controversy Exceeds $75,000.**

        12.     Although Defendant contests its duty to defend and/or indemnify TC against the claims asserted by Air Pros, Defendant is defending TC under a full Reservation of Rights. This matter is ripe before the Court because Plaintiff seeks a monetary judgment against Defendant that, upon information and belief, exceeds $75,000. Specifically, among other remedies being sought, the Hattens are seeking the purchase price of the home, $291,000, as damages against Air Pros and the other defendants. In turn, Air Pros is looking to pass through the damages being sought by the

Hattens via indemnity principles for allegedly faulty or negligent construction of the Hatten Residence.  Air Pros is separately looking to pass liability to TC for compensatory damages, punitive damages, costs of litigation, attorney's fees, and pre- and post-judgment interest.  *See* Original Complaint, attached as **Exhibit B**.

13. Air Pros, in its third-party suit against TC, claims that TC was its subcontractor that performed concrete and compaction work on the subject home.  Further, Air Pros alleged that the Hattens' expert contends that a contributing factor to the damages at the original plaintiffs' home was caused by soil compaction and footings.  Air Pros seeks judgment in its favor and against TC in the event the Hattens are successful against Air Pros.  *See* Third-Party Complaint, attached hereto as **Exhibit C**.

14. Accordingly, the amount in controversy exceeds $75,000, exclusive of interest and costs.  In addition, CBIC disputes TC's allegations regarding its duty to defend.

15. The Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332 and, therefore, this action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III. VENUE

15. Venue is proper in the District of New Mexico because this District embraces the location where the state court action is pending.

### IV. COMPLIANCE WITH THE RULES

16. All procedural requirements related to the removal of this action have been satisfied.

17. True and correct copies of "all process, pleadings, and orders served upon" Defendant in the state court action are attached hereto as Exhibit A.  *See* 28 U.S.C. § 1446(a), D.N.M.LR-Civ. 81.1(a).

18. Defendant is timely in filing this Notice of Removal within thirty days after receipt, through service or otherwise, of a copy of the Fourth Party Complaint setting forth claims for relief.  *See* 28 U.S.C. § 1446(b), Exhibit A.

19. Defendant has filed a Notice of Filing of Notice of Removal in the pending state court action in the Thirteenth Judicial District, County of Cibola, State of New Mexico, Case No. D-1333-CV-2016-00030, which is attached hereto as **Exhibit D**.  *See* 28 U.S.C. § 1446(a).

20. A copy of this Notice of Removal will be promptly served upon counsel for Plaintiff as specified in the certificate of service.  28 U.S.C. § 1446(d).  Pursuant to Fed.R.Civ.P. 81(c), Defendant will present its defenses by pleading at the time prescribed therein and specifically reserves its right to assert all defenses.

WHEREFORE, Defendant, Contractors Bonding and Insurance Company, respectfully requests that the Fourth Party Complaint only now pending in the Thirteenth Judicial District, County of Cibola, State of New Mexico, Case No. D-1333-CV-2016-00030, be removed therefrom to this Court and that all further proceedings be had in this Court.

Respectfully Submitted,

**ALLEN LAW FIRM, LLC**

/s/ Meena H. Allen
MEENA H. ALLEN
6121 Indian School Road, NE, Suite 230
Albuquerque, New Mexico 87110
(505) 298-9400

**CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of August, 2017, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

Deborah R. Stambaugh, P.O. Box 30684, Albuquerque, NM 87190

/s/ Meena H. Allen
Meena H. Allen